UNITED STATES, to Use of WILLIAMSON BROS. CO., v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court, E. D. Pennsylvania. June 28, 1909.)

No. 596.

UNITED STATES (§ 67*)—CONTRACTS FOR PUBLIC WORKS—ACTION AGAINST SURETY ON CONTRACTOR'S BOND.

Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1907, p. 709), amendatory of Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), and relating to the right of persons furnishing labor or materials for the construction of public works to enforce payment therefor against the bonds of the contractors, is not retroactive, and the limitation therein does not apply to a cause of action which accrued before its passage by the default of the contractor, which gave the labor or materialman a right of action at once under the old statute, without reference to the time when he applied for and obtained from the department certified copies of the contract and bond.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick J. Geiger, for plaintiff.
R. Stuart Smith, for defendant.

LANNING, Circuit Judge. The contention of the plaintiff in this case is that the affidavit of defense is insufficient and that judgment should be entered over it in favor of the plaintiff. The action is on the joint and several bond of the defendant and the Neafy & Levy Ship & Engine Building Company to the United States, in the penal sum of $100,000, dated June 26, 1903, conditioned to secure the performance by the defendant's co-obligor of a contract dated June 24, 1903, by which the defendant's co-obligor agreed to construct and equip for the United States four twin-screw steel steamers for submarine mine service. One of the conditions of the bond was that the defendant's co-obligor should "promptly make full payments to all persons supplying labor or materials in the prosecution of the work provided for in said contract." Williamson Bros. Company, the party to whose use this action is brought, furnished certain machinery for the four steamers on the orders of the defendant's co-obligor. The machinery has not been paid for. Hence this suit.

The bond was given pursuant to the provisions of Act Aug. 13, 1894, c. 280, 28 Stat. 278, 6 Fed. St. Ann. 125 (U. S. Comp. St. 1901, p. 2523). Williamson Bros. Company furnished the machinery in June and July, 1904. On October 31, 1904, the steamers having been completed, the United States paid to the defendant's co-obligor the amount due on the contract. On February 24, 1905, the act of 1894 was amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811, 10 Fed. St. Ann. 343 (U. S. Comp. St. Supp. 1907, p. 709). The act of 1894 prescribes no limitation of time within which action may be commenced on the bond. The amendatory act of 1905 gives to the United States the exclusive right to commence action on the bond for the period of six months from the completion and final settlement of the contract; materialmen and laborers, however, having the right to intervene and become parties to such action. After the expiration of the six months, if the United States has within that period commenced no action, and within one year from such completion and final settlement, any materialman or laborer may, by furnishing to the proper executive department an affidavit showing his claim, obtain certified copies of the contract and bond, and himself commence an action on the bond, to which other materialmen and laborers having unsettled claims may be admitted as parties. This limitation in the amendatory act, the defendant contends, is applicable to the present action. No other defense is presented. The simple question, therefore, is: Is the plaintiff's action barred by this limitation?

The act of 1905 amends the act of 1894 in several very important particulars. The amendments relate both to procedure and to substantive rights. To hold the act of 1905 retrospective as to the amendments that relate to procedure and prospective as to the amendments that affect substantive rights requires a construction expressly repudiated by the Supreme Court in United States Fidelity Co. v. Struthers Wells Co., 209 U. S. 306, 28 Sup. Ct. 537, 52 L. Ed. 804. The bond now sued on was executed, the materials of Williamson Bros. Compa-

ny were furnished, the work under the contract was completed, and final settlement with the contractor was made by the United States, before November 1, 1904. It was nearly four months afterwards that Congress passed the amendatory act, and it then expressly provided that the amendatory legislation should relate only to contracts thereafter made. By the act of 1894 a cause of action accrued to Williamson Bros. Company immediately upon default in payment of the amount due for the machinery furnished. It is true that certified copies of the contract and bond were not obtained by Williamson Bros. Company until January 7, 1908. But the provision of the act of 1894 for obtaining such certified copies is merely designed to aid a materialman or a laborer in preparing his pleadings and proving his case. It does not relate to the cause or right of action. The language is:

"Any person or persons making application therefor, and furnishing affidavit to the department under the direction of which said work is being, or has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action," etc.

The word "which," where it is here last used, has, as its antecedent, the words "contract and bond," and not the words "certified copy." The argument of the defendant that the action is upon the "certified copy," and that the receipt of the "certified copy" is a condition precedent to the accrual of the right of action, is therefore unsound. For months before the act of 1905 was passed Williamson Bros. Company had the right to commence an action on the bond, in the name of the United States, without previous leave obtained from any department of the government, and to control the action in the same manner as it might control an action brought in its own name. United States v. National Surety Co., 92 Fed. 551, 34 C. C. A. 526; Title G. & T. Co. v. Puget Sound Engine Works, 163 Fed. 178, 89 C. C. A. 618.

It will be observed, then, that if the act of 1905 be construed to apply to the present cause, the right of Williamson Bros. Company to commence suit, which accrued in 1904, was suspended on February 24, 1905, upon the passage on that date of the amendatory act, until April 30, 1905, which was six months after October 31, 1904, when final settlement of the contract was made by the United States. Even if such a suspension should be held to relate to procedure only, and not to substantive right, such a construction would be a plain departure from the rule established by the opinion of Mr. Justice Peckham in United States Fidelity Co. v. Struthers Wells Co., supra.

My conclusion is that the affidavit of defense is fatally defective, and that the plaintiff is entitled to have judgment entered against the defendant for the amount claimed in its statement.