UNITED STATES, to Use of VAUGHAN, v. STITZER et al.

(Circuit Court, E. D. Pennsylvania. May 31, 1910.)

No. 740.

LIMITATION OF ACTIONS (§ 182*)—PLEADING.

Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), relating to contractors' bonds for public improvements by the United States, declares that, if no suit shall be brought by the United States on the bond within six months from the completion and final settlement of the contract, then the person or persons supplying the contractor with labor and materials shall be furnished a copy of the contract and bond, on which they shall have a right of action in the name of the United States for their use against the contractor and his sureties, provided that such suit shall not be commenced until after the complete performance of the contract and final settlement thereof, and shall be commenced within one year thereafter. *Held*, that the provision that a suit by the contractor's creditor on such bond shall not be brought within six months after completion of the contract and settlement with the contractor was in the nature of a statute of limitations, which must be formally pleaded in order to be availed of.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–682, 695; Dec. Dig. § 182.*]

At Law. Action by the United States, to the use of William F. Vaughan, against James Herbert Stitzer and another. On motion by defendants for judgment notwithstanding the verdict. Denied.

Clarence S. Eastwick, for plaintiff.

Joseph P. Gaffney and Simpson & Brown, for defendants.

J. B. McPHERSON, District Judge. This case was tried out upon the merits, and the use plaintiff recovered a verdict. The present motion sets up a purely technical defense—that the suit was prematurely brought—and the only result of sustaining the defendants' position would be that the use plaintiff must bring a second suit and traverse again the same ground that has already been fully covered. It is in substance, therefore, a motion for a new trial, and in the interest of prompt procedure can hardly expect to be regarded favorably. Nevertheless, if the act of 1905, under which the suit is brought, denies to the use plaintiff the right to sue until after six months have elapsed from the complete performance of the original contract and the full settlement thereof, the defendant has a legal right to take this defense, and may insist that the suit has been prematurely brought, unless such technical legal right has been waived.

The facts are as follows: Stitzer had a contract with the United States to do certain work at Ft. Mifflin. The use plaintiff, Vaughan, had a subcontract under Stitzer, and the suit is brought to recover damages for Stitzer's failure to make payment as the subcontract requires. Stitzer's contract with the government was completed on March 25, 1909, but full settlement was not made until July 20th. The present suit was begun on October 21st, within six months from the date of final settlement, but more than six months from the date

when Stitzer's contract was completely performed. The government has brought no suit, and did not, and does not, object that Vaughan's action was prematurely begun. Whether a subcontractor may under any circumstances begin a suit on the principal contractor's bond until after six months have elapsed from the date of complete performance by the principal and full settlement made with him need not be decided in the present case. In some of its aspects this subject has been considered in United States v. Winkler (C. C.) 162 Fed. 398, Title Guaranty Co. v. Puget Sound Engine Works, 89 C. C. A. 618, 163 Fed. 178, United States v. McGee (C. C.) 171 Fed. 209, and United States v. Fidelity, etc., Co. (C. C.) 171 Fed. 247; but the point now involved was not presented or decided in any of these cases. The relevant provisions of the act of 1905 (U. S. Comp. St. Supp. 1907, p. 709 [Supp. 1909, p. 948]) are as follows:

"That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the United States, the remainder shall be distributed pro rata among said interveners. If no suit shall be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later."

Of course, a subcontractor's right of action at common law against the principal contractor is independent of the statute, and he may bring suit thereon at any time after the right accrues; but his right of action upon the bond depends upon the act of Congress, and can only be exercised in accordance with its provisions. If, then, the government had brought a suit upon the bond in question before

the subcontractor had begun an action thereon, the sole right of the latter would apparently have been to intervene in the proceeding instituted by the government, and to pursue that remedy to the end. And for the purposes of this case it may also be assumed—but without deciding the point—that an independent action by the subcontractor should have been deferred until six months had elapsed from July 20th, the date of final settlement. But it still remains to inquire whether the defendants are in a position to take advantage of this defect in procedure, and in my opinion their objection should not be allowed to prevail. The defendants are setting up what is essentially a statute of limitation. It differs only from the ordinary statutes in the unessential particular that by it a time is fixed before which suit may not be brought, while by their provisions a time is fixed after which such action may not be entertained. But it is well settled that the defendant cannot take advantage of a statute of limitations unless in some way it is formally set up as a defense. "The only way in which such statutes are available as a defense is when they are at the proper time specially pleaded." Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086. The general rule is stated in 25 Cyc. 1401, and supported by a host of authorities cited in the notes:

"The general rule is that the statute of limitations must be invoked as a defense in some way, and if it has not been urged by demurrer, and the defense is not pleaded in the answer, the statute cannot be relied on, but is deemed to have been waived; and this is so even though the claim relied on is clearly barred by limitation."

In the present case the objection that is now urged was neither set up by demurrer nor by the affidavit of defense, nor was it formally pleaded, so that no notice was given to the use plaintiff before trial. The defendants' silence seems to me to be a clear waiver, and requires the court to deny the present motion.

The defendants' motion is therefore refused, and leave is given to the plaintiff to enter judgment upon the verdict. To this ruling an exception is sealed in favor of the defendants.