[S. F. No. 5304. In Bank.—October 26, 1911.]

## ALMON B. GOFF, Jr., Appellant, v. W. LADD, as Executor, etc., of Benjamin Healey, Deceased, Respondent.

SURETY—INDEMNITY BOND TAKEN BY SURETY—RIGHT OF CREDITOR TO IN EQUITY.—Under sections 1559 and 2854 of the Civil Code, where a surety has taken a counter-bond or security from the principal, the creditor is entitled to the benefit of it and may, in equity, subject such security to the satisfaction of his debt.

ID.—UNDERTAKING TO PAY ORIGINAL DEBT—REIMBURSEMENT OF SURETY. —There is a distinction made between the case where the indemnity bond to the surety consists of an undertaking to pay the original debt, or, as expressed in section 2854 of the Civil Code, is "for the performance of the obligation," and the case where it is simply an undertaking to repay to the surety such sum as he may be compelled to pay of the debt by reason of his obligation as surety therefor. In the latter class of cases there can be no breach of the counter-bond until the surety has paid something on the debt, and as it runs to the surety alone and is solely for his benefit, the creditor is not entitled to sue on it, or to subject it to the payment of his debt, in equity.

ID.—BOND SECURING SURETY ON APPEAL BOND—PROMISE TO PAY JUDG-MENT IF AFFIRMED—JUDGMENT CREDITOR MAY ENFORCE.—An indemnity bond, taken by a surety on an undertaking given by a judgment debtor on appeal to stay execution, in which the promisors agree to "pay such judgment as the court on appeal might award to the said plaintiff," is, in effect, a promise to pay the judgment to the plaintiff if it was affirmed, and under section 1559 of the Civil Code may be enforced by him. Also, as it was security "for the performance of the obligation" on which the surety was bound, within the terms of section 2854 of that code, the plaintiff may compel its application to the satisfaction of the affirmed judgment.

ID.—JOINT AND SEVERAL BOND—ONE PROMISOR MAY BE SUED SEPA-RATELY.—One of the promisors on a bond which is joint and several in form, may be sued separately thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellant.

W. A. S. Nicholson, and D. I. Mahoney, for Respondent.
   CLXI Cal.—9

THE COURT.—When this case was in Department it was decided upon the record then before this court that this action upon a rejected claim presented against the estate of Benjamin Healey, deceased, was not commenced within three months after its rejection and was, therefore, barred by the provisions of section 1498 of the Code of Civil Procedure. Upon petition for a rehearing and the presentation of a supplemental record it was shown that the action upon the claim was in fact commenced within the time limited by the code provision. The rehearing was therefore granted that the appeal might be considered on the merits.

In the court below judgment was given for the defendant after sustaining a demurrer to the second amended complaint. The material facts alleged are as follows: In an action against William Tardiff this plaintiff obtained a judgment for $462.55. Tardiff appealed from the judgment, giving an undertaking to stay execution with the Union Surety and Guaranty Company as surety thereon. To induce the surety company to execute the undertaking Tardiff and Benjamin Healey, defendant's testator, entered into a written contract with the surety company whereby they severally agreed to "pay such judgment as the court on appeal might award to the said plaintiff." On the appeal the judgment was affirmed. The Union Surety and Guaranty Company became and is insolvent. The judgment has not been paid. Tardiff died and Healey became the executor of his estate. Tardiff left no property. Healey died and Ladd, defendant herein, became the executor of his estate. Plaintiff in due time presented to Ladd, as such executor, his duly verified claim against the estate of Healey, as set forth in the complaint, and the same was rejected. The contention is that plaintiff is entitled to avail himself of the benefit of the undertaking taken by the surety company for its indemnity.

The right of a creditor in such cases is determined by the rules stated in sections 1559 and 2854 of the Civil Code, which are as follows: "Section 1559. A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." "Section 2854. A creditor is entitled to the benefit of everything which a surety has received from the debtor by way of security for the performance of the obligation, and may, upon the maturity of

the obligation, compel the application of such security to its satisfaction.". The principle is thus stated in *Van Orden* v. *Durham,* 35 Cal. 145: "If a surety has a counter-bond, or security from the principal, the creditor will be entitled to the benefit of it, and may, in equity, subject such security to the satisfaction of his debt." To the same effect are *Hopkins* v. *Warner,* 109 Cal. 136, [41 Pac. 868]; *Williams* v. *Naftzger,* 103 Cal. 440, [37 Pac. 411]; *Keller* v. *Ashford,* 133 U. S. 622, [10 Sup. Ct. 494, 33 L. Ed. 667]; *Crowell* v. *Currier,* 27 N. J. Eq. 154; *King* v. *Harman's Heirs,* 9 La. 607, [26 Am. Dec. 485]; 1 Brandt on Suretyship, sec. 357; 1 Jones on Mortgages, sec. 755; 3 Pomeroy's Equity Jurisprudence, sec. 1206.

A distinction is made in the decisions between the case where the indemnity bond to the surety consists of an undertaking to pay the original debt, or is "for the performance of the obligation" as section 2854 of the Civil Code expresses it, and the case where it is simply an undertaking to repay to the surety such sum as he may be compelled to pay of the debt by reason of his obligation as surety therefor. In the latter class of cases, it is said, there can be no breach of the counter-bond until the surety has paid something on the debt, and as it runs to the surety alone and is solely for his benefit, the creditor is not entitled to sue on it, or to subject it to the payment of his debt, in equity. The following decisions so hold: *Osborn* v. *Noble,* 46 Miss. 449; *Taylor* v. *Farmer's Bank,* 87 Ky. 398, [9 S. W. 240] *Marklin* v. *Northern Bank,* 83 Ky. 314; *Hampton* v. *Phipps,* 108 U. S. 260, [2 Sup. Ct. 622, 27 L. Ed. 719]; *Ohio Life Ins. Co.* v. *Reeder,* 18 Ohio 46; *Leggett* v. *McClelland,* 39 Ohio St. 624; *Henderson* v. *Shillito,* 64 Ohio St. 252, [83 Am. St. Rep. 745, 60 N. E. 295]; *Michigan Bank* v. *Hastings,* 1 Doug. (Mich.) 258, [21 Am. Dec. 549]; 1 Brandt's Suretyship, secs. 360, 361.

According to the allegation of the complaint, the undertaking of Healey to the surety company was not simply to indemnify it against loss from such sum as it might be compelled to pay on the judgment, but was a direct undertaking to pay the judgment. The judgment could not be paid except to some person authorized to receive payment, that is to the plaintiff alone. Hence it was, in effect, a promise to pay the judgment to the plaintiff, if it was affirmed, and although made to a third person, it was expressly for plaintiff's benefit

and, under section 1559 aforesaid, it may be enforced by him. Also, as it was security "for the performance of the obligation" on which the surety company was bound, the judgment, it comes within the terms of section 2854 and the plaintiff may compel its application to the satisfaction of the judgment.

There does not seem to be any misjoinder or non-joinder of parties. The alleged obligation of Healey and Tardiff was joint and several in form. Healey alone could be sued separately upon it. Tardiff's personal representative is not a party defendant. It appears from what we have said that the demurrer was improperly sustained.

The judgment is reversed.