[Civ. No. 2039. First Appellate District.—June 21, 1917.]

FREDERICK PAXSON HOWARD, Appellant, v. ANGLO-CALIFORNIA TRUST COMPANY (a Corporation), et al., Respondents.

TRUST—COMPENSATION FOR SERVICES—ACCEPTANCE OF SALARY PROVIDED BY RESOLUTION OF CORPORATION—WAIVER OF RIGHTS UNDER TRUST. Where in a transfer to a trust company of the shares of stock in an investment company which the transferrer had created for the management of his accumulated properties, it was provided that out of the net dividends the trustee should pay after the death of the transferrer a stated monthly sum to one of the beneficiaries, which payment, when received, should constitute a waiver of compensation for all services such beneficiary might render to the investment company, and after one payment was paid litigation arose and no further dividends were paid, the acceptance by the beneficiary of a salary from the investment company under a resolution of the company providing that since such beneficiary had been devoting his time to the company he should be paid a salary, and that from such date any dividends due under the trust agreement should be re-

tained in accordance with a clause providing that if the beneficiary should receive a salary, it would be in lieu of dividends, constitutes a waiver of his right to recover from the trustee the aggregate amount otherwise payable to him under the trust.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Aldrich & Gentry, and A. E. Shaw, for Appellant.

F. A. Denicke, and H. S. Young, for Respondent Anglo-California Trust Company.

Charles W. Slack, for Other Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants.

Charles Webb Howard, in the course of the management of his accumulated properties, caused to be created, prior to the year 1903, a corporation known as the Howard Investment Company, with a capital stock of 5,000 shares, of which he retained the ownership of 4,995. In the month of October, 1903, the said Charles Webb Howard caused to be transferred to Central Trust Company of San Francisco his said 4,995 shares of the capital stock of the Howard Investment Company for certain trust purposes, among which was the requirement that out of the net dividends declared upon such shares of stock and collected by said trustee the latter was to pay, after the death of said Charles Webb Howard, certain sums of money to certain designated beneficiaries, among whom was the plaintiff in this action, who was to receive the sum of $250 per month from such source. The trust direction as to said plaintiff contained the following proviso: "Provided that such payments to said Frederick Paxson Howard personally and while living shall be and constitute, when received by him, a waiver of all compensation for any and all services which, as an officer or otherwise, he personally may, from time to time, render to said Howard Investment Co." It was further provided by said trust that upon the termination of the trust the said shares of stock

which were its subject, together with the balance of the income therefrom remaining in the hands of the trustee, were to go in certain specified proportions to the plaintiff and to three of the individual defendants, who were subsequently made parties to this action by order of the court.

Charles Webb Howard died in 1908. Shortly thereafter a dividend was declared upon said stock, out of which the trustee was enabled to make one payment of $250 to the plaintiff, but litigation immediately arising over the validity and subject of the trust no further dividends were declared or paid to plaintiff.

In the month of October, 1908, the Howard Investment Company adopted the following resolution: "Whereas, F. P. Howard, the President of this company, has been devoting his time to the affairs of the company, and for such time and attention no compensation has been paid him, Now, therefore, be it resolved that the said F. P. Howard, as president of this company, be paid a salary of $250 per month, commencing the 1st day of October, 1908, and be it further resolved that the Central Trust Company of California be notified that the said F. P. Howard is receiving a salary of $250 per month for services rendered to the company, and that from and after October 1st, 1908, any dividends which may be due him under that certain trust agreement made and executed by the late Charles Webb Howard be retained in accordance with the provisions made therein by which should said F. P. Howard receive a salary for services rendered, said salary should be in lieu of dividends that he might receive from the said Central Trust Company under the aforesaid trust agreement."

At the time of the adoption of this resolution the plaintiff was president of the Howard Investment Company, and prior to its passage was made familiar with its terms. The evident, if not expressed, purpose of the resolution was to provide the plaintiff with an income of $250 during the time at least that the shares of the Howard Investment Company were so tied up in litigation that no dividends were being declared or paid to the trustee which could in turn by it be paid over to the plaintiff under the terms of the trust. The plaintiff accepted and acted upon the terms of the foregoing resolution, continuing to perform the duties of president of the Howard Investment Company and regularly receiving the

monthly salary named therein until he had received the sum of $16,750 on account of his salary as provided in said resolution. In the month of May, 1914, the plaintiff instituted this action against the Anglo-California Trust Company, which had been substituted for the original trustee, to recover the sum of $17,750, alleged to be due him as the accumulated monthly payments under the terms of said trust. Said trustee caused the other beneficiaries of the trust, including the individual respondents herein, to be interpleaded for the purpose of defending against the plaintiff's claim, which, if allowed, would have depleted their respective shares of the properties and funds in the hands of said trustee. The trial of the cause resulted in a judgment in favor of the respondents, and from such judgment plaintiff prosecutes this appeal.

The sole question presented upon this appeal is as to whether the plaintiff, having accepted the salary as president of the Howard Investment Company under the terms and conditions specified in the resolution providing for the payment of such salary, must be held to have thereby waived his right to receive and recover the aggregate amount which would otherwise have been payable to him by the trustee under the terms of the trust.

We are of the opinion that the trial court rightly resolved this question in favor of the respondents. It is true that under the peculiar wording of the proviso in the trust instrument above set forth, the plaintiff cannot be held to have waived any right which he might otherwise have to receive compensation for his services as an officer of the Howard Investment Company until such time as he had actually received the payments coming to him as a beneficiary of said trust; and had the Howard Investment Company voted to pay and paid the plaintiff said salary during the period when he was not receiving the monthly payments due him as such beneficiary, without the limitations attending the allowance and receipt of such salary in the foregoing resolution, the plaintiff's right of recovery in this action would have been unassailable. But such was not the case; and while it is true that the original trustee and the individual respondents herein were not parties to the contract contained in the resolution providing for the payment of a salary to plaintiff as president of the Howard Investment Company, yet the interrelation of the parties was such that said resolution cannot

be otherwise construed than as intended to substitute the monthly salary which the plaintiff was to receive thereunder for the monthly sum he was otherwise entitled to receive, but was not as yet receiving, from the trustee; and that when plaintiff undertook to perform the duties of president of the Howard Investment Company for the monthly salary to be allowed him under the limited terms of said resolution, he must be understood to have agreed to waive his right to receive his monthly stipend from the trustee while such salary was being paid, and, in view of the inter-relation of the parties, it must also be held that this was a waiver made expressly for the direct benefit of the trustee and of the other ultimate beneficiaries of the funds and properties of the trust. This being so, the contract embraced in said resolution was one the terms and limitations of which the said trustee and the other beneficiaries of the trust would be entitled to enforce and successfully assert the benefits of in this action. (Civ. Code, sec. 1559; *Bacon* v. *Davis*, 9 Cal. App. 83, [98 Pac. 71]; *Washer* v. *Independent M. & D. Co.*, 142 Cal. 702, [76 Pac. 654]; *Goff* v. *Ladd*, 161 Cal. 257, [118 Pac. 792].)

For the foregoing reasons the judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1917.