[Civ. No. 3010.   First Appellate District, Division One.—December 16, 1919.]

## WILLIAM E. TRIMLETT et al., Appellants, v. JOHN C. LYNCH, as Receiver, etc., et al., Respondents.

[1] PRINCIPAL AND SURETY—BOND PENDING APPEAL—SATISFACTION OF JUDGMENT THROUGH FRAUDULENT REPRESENTATIONS—RELEASE OF SURETY—WANT OF PREJUDICE.—Where a surety company which has given a bond on an appeal from a judgment obtained by the plaintiffs in a given action is secured from loss by a deposit of money by the defendant, which sum it continues to hold in its possession, it is not prejudiced by the action of the plaintiffs in satisfying the judgment of record through the false representations of the defendants, and, therefore, in a subsequent action by the plaintiffs to set aside such satisfaction, following the affirmance of the judgment on appeal, it is error for the trial court to decree that the surety company was released from the bond.

[2] ID.—DEPOSIT BY THIRD PERSON—OWNERSHIP OF MONEY—INTERVENTION.—The fact that the money was deposited with the surety company by the daughter of the judgment debtor, to whom it had been loaned by the latter, did not make it a deposit by a third person and, therefore, in such action to set aside the satisfaction of the judgment, the daughter is not entitled to intervene and recover the deposit.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Reversed.

The facts are stated in the opinion of the court.

G. Roy Pendell for Appellants.

V. J. Cobb and A. W. Sorenson for Respondents.

KERRIGAN, J.—This action was brought to set aside a satisfaction of judgment claimed to have been obtained through fraud of defendant, Sarah H. De Coursey.

It is recited in the complaint that prior to the commencement of the action, plaintiffs had obtained a judgment on a mechanic's lien upon certain property owned by defendant Sarah H. De Coursey, which judgment had been appealed; that pending the appeal said defendant had represented to plaintiffs that she desired to sell said property, but could

not do so unless the mechanics' liens and the lien of judgment were first released, and that if plaintiffs would accept a bond of the Pacific Coast Casualty Company for the sum of six hunderd dollars in lieu of the regular statutory bond on appeal, such bond would *ipso facto* cause a release of said liens; that accordingly plaintiffs and said defendant entered into a stipulation, accepting said surety company's bond; that said bond not having the desired effect, defendant requested plaintiffs to satisfy such judgment of record for the purpose of assisting defendant to sell the property; that at the time of such request defendant presented a second stipulation which defendant stated and represented would be signed by all the parties to the action, including the surety company, which company defendant further represented had given its consent to satisfy a record the said judgment, and further consented that its liability should remain the same as though the judgment had remained unsatisfied; that plaintiffs believing and relying upon said representations had caused to be entered the requested satisfaction without any consideration.

The complaint further alleges that the judgment which plaintiffs had satisfied of record was affirmed on appeal, and that plaintiffs made demand for payment, which was refused on the ground that the judgment had been satisfied of record; that plaintiffs believed at all times that said second stipulation had been signed by the surety company, but that the same had not been so signed and that the company had refused to pay the judgment.

In addition to the execution of the appeal bond by the surety company the complaint also recited that defendant, Sarah H. De Coursey, had secured that company from loss by depositing with it the sum of six hundred dollars, such sum being the amount of liability assumed by the company on its bond, and that the company still had possession of said deposit.

At the time the action was set for trial, the intervenor, Grace De Coursey, made a motion to be allowed to intervene on the ground that she owned the six hundred dollars deposited with the bonding company, and over the objection of plaintiffs, her motion was granted.

The court, by its judgment, set aside the satisfaction of judgment, as prayed for by plaintiffs, but at the same time

made its further order and decree that the bonding company had been released from all liability to plaintiffs on its bond, and further decreed that the six hundred dollars deposited with the company was owned by the intervenor, Grace De Coursey, and gave judgment in her favor against the company for that amount and decreed that plaintiffs had no right, title, or interest in or to the same.

From the order permitting the intervention and from the judgment plaintiffs appeal.

In support of the contention that the court erred in allowing the complaint in intervention it is the claim of plaintiffs, first, that intervenor did not have such an ''interest'' as would entitle her to become an intervenor; second, that even though she had such an interest and was so entitled, yet in fact she never became such, for the reason that she never complied with the methods which would make her an intervenor in fact. We do not consider a discussion of this question necessary, for, regardless of any question of the pleadings we are of the opinion, for reasons hereinafter stated, that intervenor was not entitled to the fund, and that the trial court erred in decreeing that the surety company was released from the bond. The code provides when a surety is released from its bond. Section 2840 of the Civil Code provides:

''A surety is exonerated,

''1. In like manner with a guarantor;

''2. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessen his security; or

''3. To the extent to which he is prejudiced by an omission of the creditor to do anything when required by the surety, which it is his duty to do.''

Section 2819 of the Civil Code provides that:

''A guarantor is exonerated, except so far as he may be indemnified by the principal; if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended.''

[1] There is no evidence in the record to show that the bonding company was prejudiced in the slightest degree

by the act of plaintiffs. On the contrary, it affirmatively appears that it suffered no prejudice, for the six hundred dollars which it had in its possession was an ample sum to secure it from any loss which it might have suffered by reason of its bond. It was, therefore, not prejudiced and was not relieved from liability under the provisions of either of the sections above set forth. Nor does the record present any evidence which shows that any act of the plaintiffs was such as would prove injurious to it.

[2] It is the claim of the company, however, that the six hundred dollars was not the property of defendant, Sarah H. De Coursey, but that the same belonged to her daughter, Grace, the intervenor herein, and that this sum was merely deposited with the company by her "as security for loss and liability on the bond," rather than "for the performance of the obligation" from which it is argued the company is exonerated regardless of what prejudice, if any, it may have suffered.

In support of the position we are cited to the case of *Goff* v. *Ladd*, 161 Cal. 257, [118 Pac. 792] as upholding this contention. The question involved in that case was whether or not the creditor had the right to receive the benefit of the security there deposited with the surety by a third person, and the case held that the bond therein was deposited for the purpose of the obligation, and that it was, therefore, security which the surety might hold. In discussing the case the court pointed out the distinction between that case and cases where the promise of the bond is to pay the surety only so much of the judgment as the surety actually is compelled to pay. Here, however, the money was not deposited by a third person, but by defendant Sarah De Coursey herself. It is true there is evidence that the money had belonged to her daughter, intervenor herein, but such evidence shows that she lent it to her daughter, by whom it was deposited with the company, and the record does not show that the deposit was made for the limited purpose claimed. Whatever the purpose may have been, the money belonged to the mother when the deposit was made, and was, therefore, not deposited by a third person. In the case at bar we do not think that the original obligation of the principal was changed. The court set aside the release on account of the fraud of defendant, Sarah De Coursey, and the

effect of the judgment, no intervening rights having attached, is to leave the original obligation as between the parties in full force and effect.

Other points do not require consideration.

For the reasons given the judgment is hereby reversed as to defendant, Pacific Coast Casualty Company, and as to the intervenor.

Waste, P. J., and Richards, J., concurred.