[No. 38.   Third Appellate District.—July 6, 1905.]

L. H. ROGERS, Respondent, v. J. D. BYERS, Appellant.

ACTION UPON NOTE AND ABSOLUTE PROMISES—RULING UPON APPEAL—AMENDED COMPLAINT—CONDITIONAL PROMISES—NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS.—Where the original complaint declared upon a note and upon absolute promises to pay the same, to take it out of the bar of the statute, and upon a former appeal it was held that evidence of conditional promises did not support

the complaint, an amended complaint setting up conditional promises *in haec verba* must be held to state a new cause of action, upon which the statute of limitations runs to the date of its filing, and if then barred, a finding to the contrary cannot be sustained.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Garoutte & Goodwin, for Appellant.

E. V. Spencer, H. D. Burroughs, and N. J. Barry, for Respondent.

McLAUGHLIN, J.—Upon a former appeal in this case the judgment and an order denying a new trial were reversed because there was a fatal variance between the allegations of the original complaint and the proofs. (*Rogers* v. *Byers,* 127 Cal. 531, [60 Pac. 42].) It was there held that certain letters contained conditional promises to pay and did not support the averments of the complaint. After the *remittitur* was filed in the court below, the plaintiff amended her complaint by declaring upon such conditional promises, in separate counts. In other words, she stated three causes of action, each of which rested on a letter from defendant, containing a conditional promise to pay a certain note. The defendant died before the trial and the executor of his last will was substituted as defendant in this action. The executor answering denied the allegations of the amended complaint, and as a separate defense alleged that each cause of action stated therein was barred by the provisions of section 337 of the Code of Civil Procedure. The court found for plaintiff on all of the issues, and judgment having passed for plaintiff the defendant appealed. In the bill of exceptions plaintiff specifies many particulars in which the evidence is insufficient to sustain the findings. The main question argued in the briefs arises from the attack on the finding in respondent's favor on the statute of limitations. It is conceded, and under the evidence it must be held, that if the causes of action stated in the amended complaint are new and different from the cause of action stated in the first instance, then the finding in question is erroneous. We think the former decision is absolutely conclusive upon this ques-

tion. The letters upon which the causes of action stated in the amended complaint are based, were there held to be irrelevant and not germane to the cause of action originally pleaded. If there was an absolute failure of proof, and the proof consisted of these letters, it follows that any cause of action based on such proof must be foreign to the cause of action stated at the outset. If, as was there said, the former pleading was predicated upon "one promise" and the letters evidenced "another and different promise," it needs no more than the mere statement of the proposition to show that the causes of action are different. If the causes of action were the same, then certainly the evidence which would sustain one would sustain the other, and *vice versa.* The supreme court having said that the original action was based upon an *unconditional* promise to pay, and that the letters contain only *conditional* promises to pay, it follows, necessarily, from such ruling that the causes of action stated in the amended complaint are new and different from the cause of action originally pleaded. The causes of action stated in the amended complaint having accrued more than five years prior to the filing of said complaint, they were barred by the statute of limitations, and the finding to the contrary is therefore not sustained by the evidence.

The judgment is reversed.

Buckles, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on September 4, 1905; Beatty, C. J., dissenting.