SEAWELL, J.
 

 Plaintiff appeals from a judgment entered for defendant on the ground that plaintiff’s claim to recover the sum of $20,000 was barred by the statute of limitations. The trial court rendered judgment for defendant on the theory that the action was brought too late for the reason that the amended complaint set up a new cause of action. Otherwise the amended complaint would be deemed filed as of the date of filing of the original complaint.
 
 (Work
 
 v.
 
 County Nat. Bank & Trust Co.,
 
 4 Cal. (2d) 532 [51 Pac. (2d) 90];
 
 Bowman
 
 v.
 
 Wohlke,
 
 166 Cal. 121, 128 [135 Pac.
 
 *496
 
 37, Ann. Cas. 1915B, 1011];
 
 Frost
 
 v.
 
 Witter,
 
 132 Cal. 421, 427 [64 Pac. 705, 84 Am. St. Rep. 53]; 16 Cal. Jur. 547.)
 

 We are of the view that the trial court erred in its holding that the amended complaint set forth a new cause of action. It is alleged in the original complaint that plaintiff, an attorney at law, performed legal services for defendant prior to September 5, 1928. On that date an account was stated between them, at which time defendant executed an agreement by which he promised to pay plaintiff $20,000 for such services. It is further alleged that* by said agreement defendant “promised, undertook and guaranteed” that said sum with interest at six per cent “would be paid to plaintiff on or before three years from and after September 5, 1928”. Nonpayment of any part of said sum and the suspension of the statute of limitations for a time by reason of defendant's absence from the state are also averred.
 

 The amended complaint set forth the agreement of September 5, 1928, with greater particularity than the original complaint, and annexed a copy to the complaint. Instead of alleging the performance of legal services for defendant, it alleged the performance of such services for defendant and the Los Angeles Housing Corporation and the Gibraltar Title Company. Defendant executed the agreement for himself and as president of said two corporations. It is averred in the amended complaint that by the contract of September 5th defendant and the two corporations “agreed that they were indebted to the plaintiff in the sum of $20,000”. It is further alleged that they agreed to assign trust deeds to plaintiff in the aggregate sum of $50,000. They “jointly and severally undertook and agreed and guaranteed that the plaintiff would receive from said trust deeds the sum of $20,000” with interest “within thirty-six months from and after September 5, 1928”, and they jointly and severally guaranteed the payment of said $20,000 “irrespective of whether plaintiff received anything from said trust deeds”. The amended complaint further alleged that only one trust deed, a second lien in the principal sum of $10,000, had been assigned to plaintiff. The property subject thereto had been sold under foreclosure of the prior deed of trust, with the result that no part of the $20,000 nor interest had been paid.
 

 The failure of defendant Hugh Wilton to perform the agreement of September 5, 1928, is the foundation of both
 
 *497
 
 the original and amended complaints. It is true that the original complaint alleges a prior indebtedness of defendant Wilton to plaintiff and the execution of the agreement of September 5th by plaintiff and Wilton, while the amended complaint alleges a prior indebtedness of Wilton and the two corporations of which he was president, and that the agreement of September 5th was between plaintiff and defendant and said two corporations. But the obligation as to payment in full of $20,000 upon a failure of plaintiff to realize payment through deeds of trust assigned to him was, by the terms of the contract of September 5th, joint and several, and hence Wilton could be sued singly.
 
 {Goff
 
 v.
 
 Ladd,
 
 161 Cal. 257 [118 Pac. 792]; 20 Cal. Jur. 504, citing cases.) In view of this fact it cannot be held that the amended complaint set forth a new and different cause of action as to defendant Wilton by alleging that others than Wilton were parties to said agreement.
 
 {Lewis
 
 v.
 
 Adams,
 
 70 Cal. 403 [11 Pac. 833, 59 Am. Rep. 423];
 
 Ginsberg
 
 v.
 
 Faraone,
 
 126 Cal. App. 337, 342 [14 Pac. (2d) 777]; 49 C. J. 817.)
 

 Defendant contends that in the original complaint he is sued as a principal, whereas under the amended complaint he is as to a part of the indebtedness of $20,000 a guarantor. The theory of defendant is that the indebtedness fixed at $20,000 is the total of amounts severally owing from defendant and from the two corporations. There is nothing in the amended complaint to sustain this theory. The inference to be drawn therefrom is that all services were rendered to defendant and the two corporations jointly. While the contract used the word “guarantee”, it is used in the sense of an assurance of payment, rather than a promise to answer for the debt of another. Furthermore, even if the indebtedness of $20,000 represented the total of sums owing from the three parties individually, defendant himself argues that the contract of September 5, 1928, constituted a novation. Upon the execution of said contract defendant and the two corporations assumed primary liability, jointly and severally, for the full $20,000.
 

 In support of his contention that the amended complaint states a new cause of action defendant relies on
 
 Rodgers
 
 v.
 
 Byers,
 
 127 Cal. 528 [60 Pac. 42], and 1 Cal. App. 284 [81 Pac. 1123], It was held in said case that where an unconditional acknowledgment and promise to pay are made
 
 *498
 
 before the statute of limitations has run on a promissory note, an action brought after the time has run on the note is nevertheless upon the note, the effect of the acknowledgment being to continue liability on the note for the statutory period from the date of the acknowledgment. But where the acknowledgment and promise are conditional or qualified, the action must be brought on the new substituted promise. In the cited case it was held that where the original complaint alleged execution of the note and a general unqualified acknowledgment and promise to pay, and the amended complaint alleged execution of the note with a qualified promise of the debtor to pay when able, the amended complaint set forth a new cause of action which was barred when it was filed.
 

 We have some doubts as to whether
 
 Rodgers
 
 v.
 
 Byers, supra,
 
 would now be followed in view of more recent decisions that the amended complaint may be deemed filed as of the date of the original complaint unless it sets forth a “wholly” or “entirely” different cause of action.
 
 (Frost
 
 v.
 
 Witter,
 
 132 Cal. 421 [64 Pac. 705, 84 Am. St. Rep. 53];
 
 Cowell
 
 v.
 
 Snyder,
 
 171 Cal. 291 [152 Pac. 920];
 
 Ginsberg
 
 v.
 
 Farone, supra; Mackroth
 
 v.
 
 Sladky,
 
 27 Cal. App. 112 [148 Pac. 978];
 
 Roullard
 
 v.
 
 Gray,
 
 30 Cal. App. 757 [159 Pac. 457].) But conceding that said decision would be followed in a proper ease, it does not govern the instant case. Here both the original complaint and the amended complaint declare upon an account stated—an agreement fixing a balance of indebtedness and promising to pay it. An account stated constitutes a new contract, which supersedes the original contract. The action is upon said new contract.
 
 (Bennett
 
 v.
 
 Potter,
 
 180 Cal. 736 [183 Pac. 156];
 
 Partridge
 
 v.
 
 Butler,
 
 113 Cal. 326 [45 Pac. 678];
 
 Mitchell v. Fleming,
 
 77 Cal. App. 241 [246 Pac. 152];
 
 Klein-Simpson Fruit Co.
 
 v.
 
 Hunt, Hatch & Co.,
 
 65 Cal. App. 625 [225 Pac.. 14]; 1 Cal. Jur. 203.) It has been held that a debt upon a specialty, such £,s the promissory note in
 
 Rodgers
 
 v.
 
 Byers, supra,
 
 cannot form the basis of an action upon an account stated.
 
 (Bennett
 
 v.
 
 Potter, supra,
 
 at p. 745;
 
 Rio Linda Poultry Farms
 
 v.
 
 Frederickson,
 
 121 Cal. App. 433 [9 Pac. (2d) 262].)
 

 In the ease herein both complaints alleged an account stated by the written agreement of September 5, 1928. By
 
 *499
 
 the terms of the account stated, as said account is described in the original complaint, defendant “promised, undertook and guaranteed” that the sum of $20,000 “would be paid to plaintiff on or before three years from and after September 5, 1928”. The postponement of the time of payment was an integral part of the account stated. Such a postponement is valid.
 
 (Mitchell
 
 v.
 
 Fleming, supra; Young
 
 v.
 
 Lo Presti,
 
 95 Cal. App. 79 [272 Pac. 310].) The amended complaint simply amplified the description of the instrument constituting the account stated by setting forth more fully its terms and the manner in which the $20,000 would be paid.
 
 (Wells
 
 v.
 
 Lloyd,
 
 6 Cal. (2d) 70, 88 [56 Pac. (2d) 517];
 
 Lovelace
 
 v.
 
 Free,
 
 11 Cal. App. (2d) 370, 373 [54 Pac. (2d) 82]; De
 
 L'Eau
 
 v.
 
 Williams,
 
 139 Cal. App. 116, 118 [33 Pac. (2d) 427];
 
 Ginsberg
 
 v.
 
 Faraone,
 
 126 Cal. App. 337, 342 [14 Pac. (2d) 777].)
 

 Even under defendant’s theory, which seems to be that the account stated on September 5, 1928, was separate from and antecedent to the promise of payment contained in the contract of September 5th, said promise, as described in the original complaint, was not a general and unqualified promise within the rule of
 
 Rodgers
 
 v.
 
 Byers, supra,
 
 which would merely “continue” liability upon a prior obligation (the account stated) for the statutory period from the date of the promise. Said promise was qualified in that it postponed liability for payment until “three years from and after September 5, 1928”.
 
 (Mitchell
 
 v.
 
 Fleming, supra; Rodgers
 
 v.
 
 Byers, supra; Maurer
 
 v.
 
 Bernardo,
 
 118 Cal. App. 290 [5 Pac. (2d) 36].) Under the rule of
 
 Rodgers
 
 v.
 
 Byers, supra,
 
 where an acknowledgment and promise are thus qualified, the action is brought on said new promise, rather than on the antecedent obligation.
 

 Defendant further contends that notwithstanding the amended complaint is deemed filed as of the date of the original complaint the action is brought too late in any event. If, as plaintiff contends, the cause of action arose on September 5, 1931, then the action brought on October 1, 1935, is within the four-year period of limitation, since defendant was absent from the state for a time. But if the cause of action accrued on March 5, 1929, as defendant contends, the action was brought too late.
 

 The purpose of the account stated on September 5, 1928, was to provide a method for payment of the preexisting in
 
 *500
 
 debtedncss, which method involved a postponement of the time for payment. Under said instrument it was contemplated that within thirty-six months from September 5, 1928, plaintiff would receive payment in full of the $20,000 owing, with interest, through collections upon deeds of trust to be assigned to him by defendant. But by said agreement defendant Wilton and the two corporations which were parties to the agreement jointly and severally “guaranteed” payment in full irrespective of whether plaintiff received anything from said assignments. Following the provisions which set forth the plan for payment through assignments of deeds of trust is the following paragraph:
 

 “If, I, we or any of us, fail to deliver to you $50,000 worth in interest in first mortgages or trust deeds as above stated, on or before six months from the date hereof, then we agree to pay you upon your demand the sum of $20,000 together with interest thereon at the rate of 6% per annum from date hereof. ’ ’
 

 The contingency referred to in this paragraph arose. The defendant failed to deliver to plaintiff trust deeds in the amount of $50,000. The period of six months from September 5, 1928, expired on March 5, 1928, on which date, defendant contends, the statute of limitations commenced to run. Plaintiff contends that this provision is in the nature of an acceleration clause. If the creditor fails to act affirmatively to mature the indebtedness, the statute of limitations is not set in motion. This is the rule notwithstanding the acceleration clause is positive, rather than optional, in terms. Thus notwithstanding the acceleration clause provides that the obligation shall be due and payable “immediately” or “at once”, it is held that the clause is not self-operative; that it is for the benefit of the creditor, and the default cannot be taken advantage of by the debtor to mature the indebtedness.
 
 (Belloc
 
 v.
 
 Davis,
 
 38 Cal. 242 [48 Pac. 72]; Mason v.
 
 Luce,
 
 116 Cal. 232, 233 [48 Pac. 72];
 
 Richards
 
 v.
 
 Daley,
 
 116 Cal. 336 [48 Pac. 220];
 
 Andrews
 
 v.
 
 Zook,
 
 125 Cal. App. 19 [13 Pac. (2d) 518];
 
 Stewart
 
 v.
 
 Claudius,
 
 19 Cal. App (2d) 349 [65 Pac. (2d) 933].) This rule is not confined to promissory notes.
 
 (Stewart
 
 v. Claudius,
 
 supra; Congregational Church Bldg. Soc.
 
 v.
 
 Osborn,
 
 153 Cal. 197 [94 Pac. 881].)
 

 We are of the view that the contention of plaintiff must be upheld. Here September 5, 1931, was fixed as the
 
 *501
 
 date when payment in full was required upon the account stated on September 5, 1928, with the optional right in the creditor to declare the indebtedness due at the end of six months if deeds of trust as provided for were not transferred to him. Plaintiff never exercised this option. Hence the statute of limitations did not start to run until September 5, 1931, and the action is brought in time.
 

 The judgment for defendant is reversed.
 

 Shenk, J., Curtis, J., Edmonds, J., Langdon, J., Nourse, J.,
 
 pro tem.,
 
 and Waste, C. J., concurred.
 

 Rehearing denied.