[No. A031763. First Dist., Div. Three. Dec. 16, 1986.]

MARVIN WALTON et al., Plaintiffs and Appellants, v.
JAMES ANDREW GUINN, Defendant and Respondent.

## COUNSEL

Dewey E. Turner and Jon R. Parsons for Plaintiffs and Appellants.

H. R. Lloyd, Jr., Steven B. Dippell and Hoge, Fenton, Jones & Appel for Defendant and Respondent.

## OPINION

**WHITE, P. J.**—Appellants Marvin Walton and Arco Securities, Inc., appeal from the judgment of the Superior Court of San Mateo County in favor of respondent James Andrew Guinn based on the theory that appellants' third amended complaint was barred by the statute of limitations. As hereinafter discussed, appellants' amended complaint was not barred by the applicable statutes of limitation and therefore the judgment must be reversed.

On October 9, 1982, appellant Marvin Walton and respondent James Guinn were involved in an automobile collision. Appellant Walton was driving a vehicle owned by appellant Arco Securities, Inc. (hereinafter Arco). California State Automobile Association (hereinafter CSAA) had issued to respondent "a standard automobile policy. . . ." When the parties failed to reach a settlement regarding the accident, appellants filed a complaint naming respondent and CSAA as defendants. ▮ ▮ In the complaint under the heading "CAUSE OF ACTION—Breach of Contract" it is alleged "Said JAMES ANDREW GUINN did negligently drive and operate such vehicle and damaged property belonging to Plaintiff ARCO SECURITIES, INC. and did injure and damage, personally, Plaintiff MARVIN WALTON . . . ."[1] The complaint further alleges that CSAA wilfully failed to pay for the property damage although it was ascertained and liability clearly established. The complaint also alleges that the failure to pay the property damage "was with the intent to harass Plaintiff MARVIN WALTON and was for fraudulent and oppressive purposes." Appellants sought property damages in the amount of $1,796.12, actual damages not yet ascertained and exemplary damages in the amount of $1 million.

---

[1] "In considering the sufficiency of a complaint the court is not concerned with the question of proper designation of the action, nor with the prayer for relief. The duty devolving upon the court is that of determining from its allegations whether the complaint states any cause of action entitling plaintiff to any relief at law or in equity." (*Samuels* v. *Singer* (1934) 1 Cal.App.2d 545, 548 [36 P.2d 1098].)

On September 6, 1983, appellants filed a first amended complaint for personal injury, property damage, bad faith refusal to settle and intentional and/or negligent infliction of mental distress. The substance of this complaint was that CSAA failed to settle the action in bad faith after liability was clear and failed to pay for the property damage after appellants submitted proof of damage. The only mention made of respondent Guinn's negligence is in a cause of action entitled "Violation of Statutory Duty (Insurance Code § 790.03)" wherein it is alleged: "Plaintiff, as the person damaged by the negligence of JAMES ANDREW GUINN, at the time insured under a contract of insurance with defendant C.S.A.A., is, and at all times herein mentioned was, a member of the class of persons sought to be protected by California Insurance Code § 790.03." However, it is alleged throughout the first amended complaint that liability was clearly established. A second amended complaint was filed on September 13, 1983, correcting a typographic error in the first amended complaint.

On October 3, 1983, CSAA filed a demurrer to the first amended complaint on the ground that the bad faith action was premature because the underlying liability claim had not been concluded. The action was then voluntarily dismissed by appellants. Appellants then moved to set aside the dismissal on the ground that they had only intended to dismiss CSAA from the action. In their points and authorities in support of the motion to set aside the dismissal, appellants stated: "Although an amended complaint supersedes the complaint, it does not obliterate the original nor does it wholly nullify the contents of the original complaint. In the instant case the allegations of negligence, though not repeated in full in the amended complaint, were in no way negated by that amended complaint. The acts of the negligent Defendant were included and reference to the Defendant is made. Under these circumstances and for the express purpose of retaining the pleading within the statutory period for filing, the original complaint still stands as the Plaintiff's pleading. *Jones vs. Wilton* (1938) 10 Cal.2d 493, 75 P.2d 593; *Parrish and Sons vs. County Sanitation District* (1959) 174 Cal.App.2d 406, 344 P.2d 883." The motion to set aside the dismissal as to respondent was granted.

On January 18, 1984, appellants filed an amended complaint alleging respondent Guinn's negligence in operating a vehicle which caused personal injury to appellant Walton and property damage to appellant Arco. Respondent Guinn filed an answer in which he alleged as an affirmative defense that appellants' causes of action alleged against him were barred by the statute of limitations under Code of Civil Procedure section 340. Thereafter the trial court granted respondent's motion to bifurcate the issue of the statute of limitations from the other issues. On August 15, 1985, a hearing

was held on the applicability of the statute of limitations to this action. Appellants argued that the amended complaint should be deemed filed as of the date of the original complaint, provided recovery is sought in both pleadings and on the same general set of facts. Appellants' counsel further argued that all the complaints were based on the underlying accident and negligence of respondent. Appellants' counsel pointed out to the trial court that the amended complaints talked about clear liability which could only refer to the negligence of respondent in operating his vehicle. Appellants' counsel further argued that a change in legal theory would not prevent an amended pleading relating back to the original complaint. However, respondent successfully argued that the actions of an insurance company in failing to settle a claim are based on a totally different set of facts than the negligence of a driver of an automobile. The trial court found that appellants' complaint against respondent was barred by the provisions of Code of Civil Procedure section 340 and entered judgment in favor of respondent. Appellants filed a timely notice of appeal.

■ Appellants contend that the original complaint stated a cause of action against respondent both for personal injury to appellant Walton and for property damage to appellant Arco. Appellants then assert that the original complaint was filed well within the statute of limitations for personal injury because the complaint was filed within one year of the accident and well within the statute of limitations for property damage.

The crux of appellants' arguments on appeal is best set forth in their own words. "An amended complaint must itself state a cause of action without reference to any preceding versions of the pleading. *Karp v. Dunn* (1964) 299 [229] CA2d 186, 190, 40 CR 93. For purposes of the statute of limitations, however, the commencement of the action relates back to the filing of the original complaint, except where a 'wholly different case is pleaded' by the amendment. *Jones v. Wilton* (1938) 10 C2d 493, 75 P2d 593; *Parrish (D.A.) & Sons v. County Sanitation District* (1959) 174 CA2d 406, 416, 344 P2d 883." Thus, it is appellants' position that for purposes of the relation-back doctrine, to avoid the statute of limitations, you consider only the final pleading and the original pleading. Appellant Arco claims that the trial court clearly erred in determining that its cause of action for property damage was barred by the statute of limitations, since a three-year statute of limitations applies to property damage under Code of Civil Procedure section 338, subdivision 3. ■ It is respondent's position that an amended pleading supersedes the original pleading which ceases to perform any function as a pleading. It is thus respondent's position that we should compare the second amended complaint to the final pleading to see if the causes of action of the two pleadings are based on the same general set of

facts, in order to determine if the relation-back doctrine applies to avoid the statute of limitations.

While it is true that an amended complaint supersedes the original, the time of filing the original complaint is still the date of commencement of the action for purposes of the statute of limitations, except where a wholly different cause is pleaded in the amended complaint. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 1114-1115, pp. 532-533.) "[I]f an amended complaint rests upon the same general set of facts as the original complaint and refers to the same action and the same injuries referred to in the original complaint, the amended complaint will relate back to the original complaint and thus avoid the bar of the statute of limitations . . . . This is true even though the amended complaint may rest on a different legal theory or state a different cause of action." (*Coronet Manufacturing Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342, 345 [153 Cal.Rptr. 366].) In *Coronet* the plaintiffs had filed a second amended complaint and the court looked to the original complaint to see if the "relation back" doctrine applied. Thus, contrary to respondent's position we do not compare the last two amended complaints to determine if the relation-back doctrine applies to avoid the statute of limitations. Rather, we look to the final amended complaint and the original complaint to see if the doctrine applies.

Respondent, to avoid the application of the relation-back doctrine, argues that the original complaint does not state a cause of action against him for negligence. A complaint for damages for negligent injury to person or property must allege (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of duty—the negligent act or omission; (3) injury to plaintiff as a result of the breach—proximate or legal cause; and (4) damage to plaintiff. (4 Witkin, *op. cit. supra,* Pleading, § 527, p. 558.) Respondent argues that the original complaint fails to state a cause of action because "it still fails to identify a legal duty of care or an act constituting a breach thereof." The duty of care that respondent owed to appellants was to use ordinary care in activities from which harm might reasonably be anticipated. (*Id.,* at § 531, p. 565.) Harm can reasonably be anticipated from the operation of a vehicle, and thus respondent had a legal duty not to negligently drive a vehicle. At the beginning of this opinion we set forth the allegations in the original complaint regarding appellants' causes of action for negligence and their statement that respondent negligently drove and operated his vehicle. This allegation is a sufficient allegation that respondent owed a legal duty to appellants. This allegation is also sufficient to allege that respondent breached that duty of care. (*Id.,* at § 544, p. 577.)

While it is true that the original complaint alleges several causes of action other than the negligence of respondent which caused damage to

each appellant, the causes of action in the original complaint for negligence are based on the same set of facts as the last complaint. The fact that the causes of action against respondent for personal injury to appellant Walton and for property damage to appellant Arco due to respondent's negligence are alleged under a heading entitled "CAUSE OF ACTION—Breach of Contract" in the original complaint does not preclude the application of the relation-back doctrine. The allegations contained in the original complaint are based on the same set of facts as the final complaint, and although the cause of action in the original complaint is entitled "Breach of Contract," the allegations in the original complaint set forth causes of action for negligent personal injury to appellant Walton and property damage to appellant Arco. (See fn. 1, *ante.*) Therefore, we feel the relation-back doctrine applies and the statute of limitations is calculated with the filing of the original complaint for appellant Walton's personal injury due to respondent's negligence.

 Contrary to respondent's position on appeal, the original complaint did adequately seek recovery for appellant Walton's injury to his person. The above-quoted allegation in the original complaint concerning the negligence of respondent states the negligence of respondent "did injure and *damage,* personally, Plaintiff MARVIN WALTON. . . ." Both appellants are listed as plaintiffs in the cause of action alleging respondent's negligence. In addition, appellants specifically seek actual damages "the exact amount is not at this time ascertainable." Under Code of Civil Procedure section 425.10 appellant Walton could not state the amount of damages he was seeking for personal injury. Code of Civil Procedure section 425.11 provides that a party against whom a personal injury action is brought "may at any time request a statement setting forth the *nature* and amount of damages being sought." (Italics added.) This section further provides that such a statement must be given before a default is taken or, if an answer is filed, 60 days prior to the date set for trial. In the original complaint appellant Walton did not specifically allege that he suffered any special damages.
 General damages include physical pain and suffering, sickness and loss of earning capacity. (5 Witkin, *op. cit. supra,* Pleading, § 884, p. 325.) Special damages include such items as medical expenses and loss of profits of a business. (*Id.,* at § 885, p. 326.) It has often been said that general damages need not be pleaded in a complaint, but that special damages must be alleged in order to be proved. (*Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 762 [189 Cal.Rptr. 769]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 843, p. 3139.)[2]

---

[2]We wonder if the rule that special damages must be alleged in a complaint for personal injury or wrongful death in order to be proved at trial or recovered in a default judgment, is still the rule. It appears that Code of Civil Procedure section 425.11, when read together

 The fact that appellant Walton did not allege special damages in his original complaint does not bar him from seeking such damages in his third amended complaint, and he so alleges such damages. Since both damages are the result of the same injury and the same accident, the relation-back doctrine does not preclude him from alleging special damages for the first time in the third amended complaint. (See cases cited in *Coronet Manufacturing Co.* v. *Superior Court, supra,* 90 Cal.App.3d 342, 346-347; *D. A. Parrish & Sons* v. *County Sanitation Dist.* (1959) 174 Cal.App.2d 406, 416 [344 P.2d 883].)

Concerning appellant Arco's cause of action for damages to personal property due to respondent's negligence, the statute of limitations had not even run at the time of the filing of the final complaint, since Code of Civil Procedure section 338, subdivision 3, provides for a three-year statute of limitations for damage to personal property. The final complaint, filed on January 18, 1984, states a cause of action against respondent for damage to personal property with the following allegation: "Defendant JAMES ANDREW GUINN did negligently drive and operate a vehicle and, as a result of the operation of said vehicle did injure and damage property belonging to Plaintiff ARCO SECURITIES, INC. on or about October 9, 1982, in Redwood City, CA." As noted above, this is a sufficient allegation to state a cause of action for negligence and damage to personal property.

Accordingly, the trial court erred in not applying the relation-back doctrine to appellant Walton's cause of action for negligence against respondent and ruling that the cause of action was barred by the provisions of Code of Civil Procedure section 340. The trial court applied the incorrect statute of limitations to appellant Arco's cause of action against respondent for damage to personal property; the final complaint was timely to state such a cause of action without even applying the relation-back doctrine. However, appellant Arco states that the judgment should not be reversed on this ground, because its claim for property damage has been settled. Appellant Arco has apparently abandoned its appeal, although it does not specifically so state.

---

with Code of Civil Procedure section 425.10, supports the conclusion that this is no longer the rule. The statement required under section 425.11 gives a defendant in a personal injury action or a wrongful death action notice of the special damages sought, which was the reason for the rule that special damages must be pleaded in a personal injury complaint. (*Plotitsa* v. *Superior Court, supra,* 140 Cal.App.3d 755, 762.) When a statement is required under section 425.11, the plaintiff must notify the defendant of "the *nature* and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered . . . ." (Italics added.) We feel that the use of the term "nature" of the damages in section 425.11, refers to special and general damages and that a plaintiff need not allege that he or she is seeking special damages until a statement under section 425.11 is required.

The judgment in favor of respondent James Andrew Guinn is reversed and the trial court is directed to proceed with this action in accordance with the views expressed in this opinion.

Barry-Deal, J., and Merrill, J., concurred.