Filed 8/12/14  Moran v. Stetler CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN MORAN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>KURT STETLER,<br><br>    Defendant and Respondent. | G050050<br><br>(Super. Ct. No. RIC10018414)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside County, Paulette Durban-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Hacker Law Group and Jeffrey A. Hacker for Plaintiff and Appellant.

Steponovich & Associates and Michael J. Steponovich, Jr., for Defendant and Respondent.

\*          \*          \*

Plaintiff John Moran appeals from a judgment entered after the trial court granted defendant Kurt Stetler's motion for summary judgment on the ground the causes of action for breach of promissory note, breach of contract, and money due and owing were time barred by Civil Procedure section 337 (all further undesignated statutory references are to this code) and section 339, subdivision 1. These causes of action were based on four promissory notes and an oral agreement for a revolving line of credit between plaintiff, defendant, and Steve Langevin. Plaintiff contends the six-year limitations period under the California Uniform Commercial Code (Cal. U. Com. Code, section 3118) applies to the four promissory notes at issue and that there was no evidence of an outward act to trigger acceleration of the third and fourth notes. He also asserts the action is timely under section 337. Finally, he contends the award of attorney fees and costs should be reversed because the amount is excessive and includes unrecoverable costs.

We conclude the first two promissory notes were time-barred whether under California Uniform Commercial Code section 3118 or section 337 and that the oral agreement for revolving line of credit claim was barred by the two-year limitations period contained in section 339, subdivision 1. But as to the acceleration clauses in the third and fourth promissory notes, the Supreme Court has held such clauses are intended to benefit creditors and not those such as defendant who default on a money obligation. Thus, the court erred in granting summary judgment in defendant's favor and the judgment is reversed.

FACTS AND PROCEDURAL BACKGROUND

Beginning in June 2003, plaintiff and defendant, along with Langevin, purportedly entered into a series of promissory notes. In note 1, dated June 16, 2003,

defendant and Langevin promised to repay the principal amount, plus 10 percent interest, with "the entire principal and interest amount [to] be repaid on September 1, 2003." Note 2, dated March 18, 2004, defendant and Langevin agreed to repay the principal amount in "four [monthly] consecutive installments of interest," with "the balance of the principal . . . to be included with the final installment" and "[t]he entire principal and interest amount [to] be repaid on July 18th, 2004."

Defendant and Langevin were not the borrowers on both note 3, dated December 9, 2004, and note 4, dated December 27, 2004. Rather, the borrowers were Langevin Stetler, Inc. doing business as Diversified Communications Services, and its shareholders (collectively LangStet). Defendant and Langevin acted as guarantors. The notes had maturity dates of December 9, 2007, and December 27, 2007, respectively. Both notes had acceleration clauses, stating that if payment was over 15 days late, the unpaid amounts became immediately payable.

On September 16, 2010, plaintiff sued LangStet, Langevin, and defendant for breach of promissory note, breach of contract, and money due and owing. The first two causes of action were based on the failures to fully repay the amounts on the promissory notes. The third cause of action was for the unpaid amounts on the promissory notes, plus the outstanding amount on plaintiff's advance for "the rental of truck leases and other expenses," under an agreement that "there would be a revolving line of credit regarding these advances," for which the outstanding balance "became due and payable" on December 31, 2006.

Plaintiff obtained default judgments against LangStet and Langevin. Defendant moved for summary judgment or alternatively summary adjudication on the grounds the action was barred by statutes of limitations.

The court granted defendant's motion for summary judgment, holding that each of the four promissory notes (notes) alleged in the complaint was barred by the four-

3

year statute of limitations contained in section 337. According to the court, the first two notes had maturity dates occurring over four years before plaintiff filed this action, while the other two had acceleration clauses triggering the limitations period more than four years before the filing of this action. Additionally, it found the six-year limitations period under California Uniform Commercial Code section 3118 did not apply because the notes, taken together or separately, were not negotiable instruments under section 3104 of the code. Lastly, the court concluded the claim for breach of a credit line was barred by the two-year statute of limitations for oral contracts. (§ 339, subd. 1.)

DISCUSSION

*1. Standard of Review*

Summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) "We review de novo the trial court's decision to grant summary judgment" (*City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 886), and "consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all [uncontradicted] inferences reasonably deducible from the evidence . . . ." (§ 437c, subd. (c).) The defendant moving for summary judgment bears the burden of persuasion that one or more elements of the cause of action in question cannot be established or, as with the statute of limitations defense here, that there is a complete defense to the action. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

4

*2. Applicable Statute of Limitations*

Plaintiff contends the six-year statute of limitations for negotiable instruments contained in California Uniform Commercial Code section 3118 should have been applied, rather than the four-year limitations period for written contracts in section 337. It matters not which statute is applied.

*a. Notes 1 and 2 and the Revolving Credit Line Claim*

Under California Uniform Commercial Code section 1103, the provisions of the Code of Civil Procedure pertaining to limitations of actions apply unless there is a special statute of limitations set forth in the California Uniform Commercial Code. (*Kaichen's Metal Mart, Inc. v. Ferro Cast Co*. (1995) 33 Cal.App.4th 8, 12-13; *Bank of America v. Security Pacific Nat. Bank* (1972) 23 Cal.App.3d 638, 642, fn. 3.) California Uniform Commercial Code section 3118, subdivision (a), is a special statute of limitations for promissory notes, establishing "a six-year statute of limitations, from the final due date, for promissory notes payable at a definite time." (*Cadle Co. v. World Wide Hospitality Furniture, Inc*. (2006) 144 Cal.App.4th 504, 514, fn. 8.)

Notes 1 and 2 were time-barred as a matter of law even if California Uniform Commercial Code section 3118, subdivision (a) applied. They matured on September 1, 2003 and July 18, 2004, respectively – over six years before plaintiff filed his complaint on September 13, 2010.

Defendant claims no evidence exists that the notes were accelerated before October 31, 2006. But the part of his declaration he refers to pertains only to notes 3 and 4.

Plaintiff also asserts "the series of transactions were all related" in that all the loans secured by the promissory notes were "used to infuse [LangStet] with capital." This is based on the facts (1) he did not believe repayment on the revolving line of credit would be made until December 31, 2006, (2) it did not become apparent to him that a

5

check from defendant would not be honored until October 31, 2006, and (3) notes 3 and 4 did not mature until December 2007. He thus reasons "[t]he action was timely filed . . . ." But plaintiff acknowledges that under the case he cites, *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 1375, the statute of limitations for contracts bars those claims that predate the complaint by four years: Under the continuous accrual theory, "where performance of contractual obligations is severed into intervals, . . . an action attacking the performance for any particular interval must be brought within the period of limitations after the particular performance was due." (*Id.* at p. 1388.) Here, the action on notes 1 and 2 were not brought within six, much less four, years after notes matured.

Moreover, the alleged "revolving line of credit" was unsupported by any writing, making the statute of limitations for oral contracts under section 339, subdivision 1, applicable. Because the action was not filed within two years of December 31, 2006, when the outstanding balance on that credit line allegedly "became due and payable," that claim is time-barred.

Defendant proposes the parties may have intended to make one contract, rather than a severable one, with the four promissory notes. But his failure to provide any reasoned analysis or cite to any evidence in support of how that theory applies here forfeits his claim. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop [defendant's] arguments for [him]." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) The same applies to his suggestion the promissory notes were part of an open book account.

### b. Notes 3 and 4

As to notes 3 and 4, defendant relied on the acceleration clauses in those notes to contend any action is barred by the four-year statute of limitations in section 337.

6

The acceleration provisions in both notes provide, "If a full payment is not made in accordance with the payment terms, and remains outstanding for more than fifteen (15) days, it shall be considered an 'Event of Default.' Upon any Event of Default Debtor's obligation under this . . . [n]ote shall fully accelerate and become immediately payable to [plaintiff]."

But defendant cites no authority for the proposition that obligors on a promissory note may utilize an acceleration clause to start the running of the applicable statute of limitations, whether that be section 337 or California Uniform Commercial Code section 3118. The law is to the contrary.

"[T]he presence in a promissory note of a positive *nonoptional* acceleration clause does not have a self-operative effect so that the statute of limitations begins to run immediately upon the happening of a default in a payment which the note specifies shall be made on a designated date." (*Trigg v. Arnott* (1937) 22 Cal.App.2d 455, 458, italics added.) Instead, "[i]f the creditor fails to act affirmatively to mature the indebtedness, the statute of limitations is not set in motion. This is the rule *notwithstanding the acceleration clause is positive*, rather than optional, in terms." (*Jones v. Wilton* (1938) 10 Cal.2d 493, 500.) Thus, even when "the acceleration clause provides that the obligation shall be due and payable 'immediately' or 'at once,' . . . the clause is not self-operative; that it is for the benefit of the creditor, and the default cannot be taken advantage of by the debtor to mature the indebtedness." (*Ibid.*) Because this rule applies regardless whether the acceleration clause is stated in optional or mandatory terms, defendant's claim to the contrary made during oral argument fails.

*Belloc v. Davis* (1869) 38 Cal. 242 involved a clause similar to the one here. It provided that "'in case default be made in any payment of interest, when the same shall become due as aforesaid, then the whole amount of principal and interest to become due and payable, immediately, upon such default.'" (*Id*. at p. 247.) The plaintiff

filed the action over four years after a default in the payment of interest. The defendant argued the whole amount of the note became due and payable upon a default in the payment of interest. (*Id*. at pp. 248-249.)

In holding it did not, the court stated the acceleration clause "is evidently in the nature of a penalty, inserted *for the benefit of the creditor*, and as an incentive to the debtor to stimulate him to prompt payment of the interest, in order to avoid a forfeiture of the credit allowed by the note. . . . [¶] . . . [¶] If it were otherwise, a perfectly solvent debtor, owing a debt payable at a remote period, with interest payable monthly, or at other stated periods, might shorten the credit to the statutory time of four years by wil[l]fully declining to pay the first instal[l]ment of interest, provided the note contained a clause similar to that in this case. . . . This would convert the [s]tatute of [l]imitations from a statute of repose into one of oppression and fraud. Instead of simply compelling the creditor to sue upon his demand within a reasonable time *after* it is due, it would enable a dishonest debtor, if his interest prompted it, to compel the creditor to take payment long *before* it is due, and thereby to escape the payment of future interest. We do not give to the statute so narrow a construction, and therefore hold that the cause of action in this case did not accrue until the maturity of the note." (*Belloc v. Davis*, *supra*, 38 Cal. at pp. 249, 251-252, italics added; accord, *Jones v. Wilton*, *supra*, 10 Cal.2d at pp. 499-501; *Mason v. Luce* (1897) 116 Cal. 232, 236-237.)

As in *Belloc v. Davis*, *supra*, 38 Cal. at pp. 248, 249, plaintiff waived the benefits of the acceleration clause by not acting on it. (See *Congregational Church Bldg. Soc. v. Osborn* (1908) 153 Cal. 197, 204 [waiver of acceleration clause can "be accomplished by mere passive acquiescence"].) The claims on notes 3 and 4 thus did not accrue until their maturity dates of December 9 and 27, 2007, respectively, and plaintiff's complaint was timely filed in September 2010.

*3. Attorney Fees and Costs*

The award of costs and attorney fees to defendant was based on defendant being "the prevailing party on all written contractual obligations." In light of our reversal of the judgment, the attorney fees and costs award is likewise reversed.

DISPOSITION

The judgment is reversed. The parties are to bear their own costs.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

9