Filed 4/7/23 Moore v. Old Republic Title Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RONALD MOORE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> OLD REPUBLIC TITLE COMPANY et al., <br><br> Defendants and Respondents. | B305768 <br><br> (Los Angeles County Super. Ct. No. BC559815) |

APPEAL from orders of the Superior Court of Los Angeles County. Stephanie M. Bowick, Judge. Affirmed.

Law Office of Freddie Lee Fletcher and Freddie Fletcher for Plaintiffs and Appellants.

Garrett & Tully, Ryan C. Squire and Linda R. Echegaray for Defendants and Respondents.

_____

A mother died intestate leaving two adult children, Ronald Moore (Moore) and Rosa Lars (Lars), as heirs. After the sale of the mother's home, Moore filed a complaint to quiet title against Lars and others seeking his half of the property. A year later, Moore, now with two of the former defendants in the first complaint as coplaintiffs, filed an amended complaint. Subsequently, the remaining defendants filed a motion to dismiss the action under Code of Civil Procedure sections 583.310 and 583.360 due to the plaintiffs' failure to bring the case to trial within five years.[1] The trial court granted the motion. It concluded that section 583.310 barred the plaintiffs' claims because the amended complaint related back to the first complaint and five years had passed since it was filed. We agree and affirm.

## FACTUAL AND PROCEDURAL HISTORY

### 1. October 2014 Complaint (First Complaint)

In October 2014, Moore filed a complaint (first complaint) to quiet title. The complaint alleged that his mother, Dorothy Harrison (Harrison), died intestate in December 2010, leaving himself and his sister, Lars, as heirs to her home (the property). Moore alleged that upon his mother's death, the title to the property vested in himself and Lars through the laws governing intestate succession.

The complaint alleged that Harrison's grandson, Benny Newton, colluded with his friend Vincent Alva and Alva's wife, Nancy Cardenas, a notary, to forge Harrison's signature on a quitclaim deed to the property (Deed One), which they backdated to before Harrison's death. Moore alleged that forged Deed One

---

[1] All statutory references are to the Code of Civil Procedure.

2

purported to quitclaim Harrison's interests in the property to the following individuals: Lars (1/4 interest); Moore (1/8 interest); Benny Newton (3/8 interest); and Dane Moore (1/4 interest).

The first complaint then alleged that Lars and others conspired to defraud Moore of his interest in the property by then forging a second deed (Deed Two) that transferred to Lars all of the interests in the property, with the intent that Lars would then sell the property to a company, Verzfco, LLC (Verzfco).

The complaint alleged that the property was sold to Verzfco through a conspiracy that included Lars, Verzfco, a title company, real estate companies, an escrow company, notaries, and various named individuals and "Doe" defendants associated with those companies. The complaint alleged that the defendants shared among them the profits of the sale of the property to Verzfco for approximately $229,000, which was allegedly below market value.

The first complaint names the following individuals as defendants: Lars, Benny Newton, Dane Moore, Vincent Alva, Nancy Cardenas, T.B. Sanders, Verzfco, Old Republic Title Company, Blake Uradomo, Century 21 Allstars Inc., Maxres Inc., Joseph Garcia Villaescusa, Pacific Escrow Inc., Sandra Villaescusa, and 12 "Doe" defendants.

The first complaint contained only one cause of action against all the defendants: quiet title. It asserted that Moore had a one-half title interest because both Deeds One and Two were forged and thus fraudulent.

**2. November 2015 Complaint (Amended Complaint)**

In November 2015, Moore, now with two of the defendants from the first complaint as coplaintiffs, Benny Newton and Dane Moore, filed a first amended complaint. The amended complaint

3

did not add any new named defendants, and reiterated the following as defendants: Lars, T.B. Sanders, Verzfco, Old Republic Title Company, Pacific Escrow Inc., Blake Uradomo, Century 21 Allstars Inc., Maxres Inc., Joseph Garcia Villaescusa, and Sandra Villaescusa.

The amended complaint contained a claim for quiet title to the same property, but added additional causes of action for ejectment, conversion (rents), money had and received, conversion (personal property), conspiracy to forge and falsely acknowledge deed, slander of title and cancellation of cloud on title, and partition.

The amended complaint alleges that Deed One transferred the property from Harrison in the same interests to the same four individuals as the first complaint: Lars (1/4 interest); Moore (1/8 interest); Benny Newton (3/8 interest); and Dane Moore (1/4 interest). However, unlike the first complaint, the amended complaint does not allege that Deed One was forged. Instead, it alleges that Harrison executed this quitclaim deed herself before she died, but her "drug-addicted children were not told that Mrs. Harrison had executed the deed."

As to Deed Two, the amended compliant again alleges that Deed Two was forged by Lars with the help of various companies and individuals associated with them, and purported to grant the interests from Deed One of Lars, Moore, Benny Newton and Dane Moore to Lars only.

Like the first complaint, the amended complaint then alleges that Lars, Verzfco, and various real estate and title companies and individuals associated with them conspired to transfer Lar's interest in the property to Verzfco at below market value for $229,000. The amended complaint also alleges that the

4

various defendants shared the profits from the sale of the property to Verzfco.

The quiet title claim in the amended complaint seeks to adjudicate the plaintiffs' interests in the property as written on Deed One, with the exception that it alleges Lars has lawfully transferred her original interest in Deed One to Verzfco because it no longer alleges that Deed One was forged: Verzfco (1/4 interest); Moore (1/8 interest); Benny Newton (3/8 interest); and Dane Moore (1/4 interest).

The amended complaint also alleges that Verzfco has received rents exceeding $2,000 a month from the property and broke the locks on the property converting the personal property within it for its own use.

### 3. Motion and Trial Court Ruling

In September 2016 and May 2017 respectively, some of the defendants were voluntarily dismissed and default was entered against others. The trial court determined the pleadings were settled and set a trial date for June 19, 2018.

On June 19, 2018, the plaintiffs (Moore, Benny Newton, and Dane Moore) indicated that they were not ready for trial and also that they wanted a guardian appointed to represent Lars's Estate. Trial was rescheduled for May 2019. On the day of the final status conference, plaintiffs again sought a continuance, this time by ex parte application due to Lars's death in June 2018. The court rescheduled the trial to September 2020.

In December 2019, the remaining defendants, Old Republic Title Company and its officer and agent Blake Uradomo, and Verzfco (hereinafter Respondents), moved to dismiss the case pursuant to the five-year rule in section 583.310.

5

In January 2020, the trial court granted the motion. The trial court found that the amended complaint related back to the first complaint, which set the clock ticking on the five-year period, and that the plaintiffs had not been diligent in bringing the case to trial. The trial court dismissed the case in its entirety and gave notice of the dismissal in February 2020.

**4.    Appeal**

Ronald Moore, Benny Newton, and Dane Moore (Appellants) filed a timely appeal in April 2020.

## DISCUSSION

**I.    Applicable Law and Standard of Review**

Under section 583.310, "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) In computing the five years, "there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) Dismissal under section 583.310 is "mandatory" unless a statutory exception applies. (§ 583.360; *Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 793 ["Dismissal is mandatory if the requirements of section 583.310 are not met and an exception provided by statute does not apply"].)

The issue before us is the application of the relation-back doctrine to undisputed facts in the context of section 583.310's five-year rule, so we review the trial court's decision de novo. (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 318 (*Brumley*).) While the determination of whether section 583.310 was tolled for impossibility, impracticability, or futility in

6

bringing the case to trial is ordinarily reviewed for an abuse of discretion, the question of the applicability of section 583.340 to undisputed facts is a legal question subject to de novo review. (*Ibid.*; *Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 324 (*Tanguilig*).)

## II.    The Five-year Rule Bars Plaintiff's Claims Because the Amended Complaint Relates Back to the First Complaint

Generally, the " '[c]ommencement' of an action for purposes of section 583.310 . . . is firmly established as the date of filing of the initial complaint." (*Brumley*, *supra*, 156 Cal.App.4th at p. 318, citing *Kowalski v. Cohen* (1967) 252 Cal.App.2d 977, 980; see also *Tanguilig*, *supra*, 22 Cal.App.5th at p. 322.) Where an amended complaint alleges new causes of action that do not "relate back" to the first complaint, then the "commencement" of the action for purposes of section 583.310 is the filing date of the amended complaint. (*Tanguilig*, at pp. 322–323; see also *Brumley*, at pp. 320–322.) Courts apply the "relation-back doctrine" to determine whether the first or the amended complaint commences the five-year period in section 583.10. (*Brumley*, at p. 320.) The burden is on the plaintiff to show how the newly added claims do not relate back to the original complaint, so that the five-year period with respect to these claims should be deemed to begin when the amended complaint is filed. (*Fidelity National Home Warranty Co. Cases* (2020) 46 Cal.App.5th 812, 856–857.)

Here, Appellants argue that the action commenced when they filed the amended complaint on November 12, 2015, because it does not relate back to the first complaint. Respondents counter that the amended complaint relates back to the first

complaint, so the action commenced on October 3, 2014. Appellants concede that if the amended complaint relates back to the first complaint, then their case is barred by section 583.310.

For the relation-back doctrine to apply, the amended complaint must "(1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 409, italics omitted (*Norgart*).) We analyze each element of this test in turn.

A. **The complaints rest on the same general set of facts.**

To relate back to the first complaint, the amended complaint must rest on the same "general set of facts." (*Norgart*, *supra*, 21 Cal.4th at p. 409, italics omitted.) Even where a new cause of action "add[s] a significant new dimension to the lawsuit," the amended complaint relates back if the recovery sought is on the same general set of facts. (*Grudt v. City of Los Angeles* (1970) 2 Cal.3d 575, 583–584 (*Grudt*).) The relation-back doctrine "will not apply if . . . 'the plaintiff seeks by amendment to recover upon a set of facts entirely unrelated to those pleaded in the original complaint.' " (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277 (*Pointe San Diego*).)

Here, the gravamen of both pleadings is an action to quiet title. "A quiet title action is a statutory action that seeks to declare the rights of the parties in realty." (*Robin v. Crowell* (2020) 55 Cal.App.5th 727, 740 (*Robin*).) Both pleadings allege a succession of deeds that purported to transfer the property to Verzfco through forgery. Both pleadings seek to adjudicate the interests in the property of Ronald Moore, Benny Newton, Dane

Moore, Rosa Lars, and Verzfco. Both complaints allege that Rosa Lars and Ronald Moore held equal shares of the property after their mother's death, but then Lars transferred the title to the entire property to Verzfco through forgery at below market value.

On appeal, Appellants argue that the ejectment cause of action in the amended complaint rests on a different set of general facts than those alleged in the first complaint. We disagree. Both the claim for ejectment and the claim for quiet title rest on the allegations that the plaintiffs have been denied ownership, and thus possession of the property from which they were allegedly unlawfully ejected, due to forgery of Deed Two by Lars and her conspiracy to sell the property to Verzfco at below market value. The addition of a new cause of action for ejectment, even if it added a "significant new dimension" to this case, does not change that the two complaints rest on the same general set of facts. (*Grudt*, *supra*, 2 Cal.3d at pp. 583–584.)

**B.    The complaints involve the same injury.**

To relate back, the amended complaint must also involve the "same injury" as that alleged in the first complaint. (*Norgart*, *supra*, 21 Cal.4th at p. 409, italics omitted.) Here, the amended complaint, like the first complaint, alleges the loss of title to the property through forgery as the injury.

Appellants argue that the amended complaint alleges a new injury because it asserts new causes of action for loss of possession of the real property and loss of personal property. They argue that possession is a different kind of "primary right" than title interest in a property, so the injury is distinct. Courts have rejected this approach. We do not look to the newly alleged causes of action in an amended complaint and whether they seek to vindicate different legal rights than those causes of action in

9

the original complaint.  Rather, we examine whether the various causes of action stem from the same actual injury.  (*Grudt*, *supra*, 2 Cal.3d at pp. 583–584; *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1199 (*Amaral*), quoting *Lamont v. Wolfe* (1983) 142 Cal.App.3d 375, 378 (*Lamont*) [" 'it is the sameness of the facts rather than the rights or obligations arising from the facts that is determinative' "].)

Here, both complaints allege loss of the title to the property through forgery as the injury—a loss from which the additional possessory losses alleged in the amended complaint stem. Appellants seek damages for loss of possession and conversion (rental income) in the same proportions as they allege their respective title interests.  That the amended complaint alleges additional losses resulting from the fraudulent loss of title does not mean it pleads a different injury for purposes of the relation-back doctrine.  (See *Pointe San Diego*, *supra*, 195 Cal.App.4th at pp. 276–278 [rejecting argument that payment of attorney fees to a second attorney to rectify legal malpractice by the first attorney was a separate injury from the original malpractice injury of economic loss].)

Appellants do not cite any relevant legal authority to support their claim that loss of possession of the property is a sufficiently distinct injury from the loss of the title of the property such that the amended complaint does not relate back. In cases where courts find that the injuries in the two complaints are distinct, they involve significantly dissimilar, independent claims that could be brought as separate actions.  (See, e.g., *Brumley*, *supra*, 156 Cal.App.4th at pp. 320–321, 324 [wrongful death claim and loss of consortium claims by survivors of the

10

deceased did not relate back to personal injury claim filed by the deceased and could have been brought as a separate lawsuit].)

Here, the two complaints allege the same injury of loss of the title to the property through fraud based on forgery.

### C. The complaints refer to the same instrumentality.

Finally, to relate back, the two complaints must also "refer to the same instrumentality." (*Norgart*, *supra*, 21 Cal.4th at p. 409, italics omitted.) The term "instrumentality" refers to the accident or misconduct that caused the injury. For example, negligent medical treatment and a failure to warn of the dangers of taking a drug are separate "accidents" from a defective medical device. (*Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 152; see also *Coronet Manufacturing Co. v. Superior Court* (1979) 90 Cal.App.3d 342, 347 [electrocution by lamp is different instrumentality than electrocution by hairdryer].)

In this case, the instrumentality is the same in both complaints. Both complaints allege that the loss of title, and thus loss of the possession of the property and its contents, was caused by forgery that resulted in the title being wrongfully transferred to Verzfco. Appellants' assertion that the quiet title claim in the first complaint arose from different misconduct than the claim for ejectment in the amended complaint is without merit. Appellants claim that the quiet title action derives from alleged misconduct by Benny Newton in forging Harrison's signature on Deed One and misconduct by Rosa Lars of forging the signatures of Ronald Moore, Dane Moore, and Benny Newton on Deed Two, whereas the misconduct in the ejectment claim in the amended complaint is Verzfco's "ousting" of Ronald Moore, Dane Moore, and Benny Newton from their possession of the home. But the same

11

instrumentality of forged deeds alleged in both complaints is what caused the primary injury of the loss of title interest to Verzfco, without which the plaintiffs would never have been ejected by Verzfco. (Cf. *Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 940 [where employee was injured by a machine at work and the first complaint alleged the employer maintained an unsafe working environment and amended complaint alleged the machine's manufacturer made a defective machine, the machine was the instrumentality in both complaints].) Minor differences in the allegations as to who forged which deed is not dispositive. (See *Pointe San Diego*, *supra*, 195 Cal.App.4th at p. 278 [both complaints referred to the same instrumentality of "professional negligence" even though the first complaint did not "detail" the negligence that caused the injury and the second complaint did].)

We conclude that both complaints alleged the same instrumentality.

**D. Changing two defendants to plaintiffs, and adding an ejectment cause of action, did not deprive the other defendants of notice.**

Appellants argue that because they added two of the former defendants as plaintiffs and an ejectment claim to the amended complaint, the amended complaint cannot relate back to the first complaint because there was a lack of notice to the defendants of the new plaintiffs and cause of action.

Appellants confuse the purpose of the relation-back doctrine in the context of the statute of limitations with its purpose here. In considering the relation-back doctrine in the context of the running of the statute of limitations, courts consider whether the original pleading placed defendants on notice of the claims in the amended complaint so that they could

12

"prepare a fair defense." (*Lamont, supra,* 142 Cal.App.3d at p. 380; see also *Pointe San Diego, supra,* 195 Cal.App.4th at p. 279.) In contrast, the purpose of the five-year rule is to protect defendants against a plaintiff's lack of diligence. (See *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1104–1105; see also *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1420 [" ' "The critical factor is whether the plaintiff exercised reasonable diligence in prosecuting its case" ' "], quoting *Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 502.) Where, as here, the plaintiffs did not bring the case to trial within five years, the need for sufficient notice to prepare an adequate defense is arguably less critical.

Regardless, Respondents have not asserted prejudice due to lack of notice, and the additional causes of action in the amended complaint all stem from the alleged forgery leading to loss of title in the first complaint. Respondents' defensive position has not been significantly changed by the amended complaint: The issue they must prepare to defend is still whether Verzfco had rightful title to the property based on the theory that some documents were forged in the chain of deeds.

The simple fact of the addition of two new plaintiffs in the amended complaint also does not change our conclusion. An amended complaint with a new plaintiff can relate back as long as the operative facts are the same. (*Hutcheson v. Superior Court* (2022) 74 Cal.App.5th 932, 940; *American Western Banker v. Price Waterhouse* (1993) 12 Cal.App.4th 39, 49; *Pasadena Hospital Assn., Ltd. v. Superior Court* (1988) 204 Cal.App.3d 1031, 1037.)

Accordingly, the addition of the two new plaintiffs and the ejectment claim does not change our conclusion that the amended complaint relates back to the first complaint.

**E.    The addition of the new plaintiffs' ejectment claims and monetary damages for ejectment does not prevent the amended complaint from relating back to the first complaint.**

Appellants also argue that the amended complaint cannot relate back to the first complaint because the two new plaintiffs seek to enforce their independent rights to damages for ejectment from the property and thus impose greater liability on Respondents.

This claim lacks merit.  The addition of new damages in an amended complaint does not prevent the amended complaint from relating back to the first complaint as long as the damages result from "the same operative facts—i.e., the same misconduct and the same injury—previously complained of." (*Amaral, supra*, 163 Cal.App.4th at p. 1200, citing *Walton v. Guinn* (1986) 187 Cal.App.3d 1354, 1362.)

Moreover, the new plaintiffs' claims for ejectment are not independent claims, but rather claims that relate back to the first quiet title action.  For the reasons above, the ejectment cause of action relates back to the first complaint because it is based on the same general set of facts, the same injury, and the same instrumentality.  The new plaintiffs' claims for damages from loss of possession of the property cannot be resolved without a determination of their respective title interests in the property. (See *Brumley, supra*, 156 Cal.App.4th at pp. 320–321 [a claim is independent for purposes of the relation-back doctrine when it could have been brought as a separate lawsuit].)  A quiet title

action seeks to determine the respective rights of all parties to a single property's title. (*Robin, supra,* 55 Cal.App.5th at p. 740; see also *Chao Fu, Inc. v. Chen* (2012) 206 Cal.App.4th 48, 58.) Therefore, Appellants' reliance on the loss of consortium and wrongful death line of cases is misplaced. These claims compensate the heir for his or her own independent pecuniary losses for the particular loss of the decedent to each individual claimant. Courts have therefore found such claims independent to each heir. (See, e.g., *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533 ["[C]laim to a loss of consortium is a wholly different legal liability or obligation [than the decedent's personal injury action]. The elements of loss of society, affection and sexual companionship are personal to him"]; *San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1552–1553 [wrongful death action is one of " 'personal injury to the heir' "], quoting *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264.)

In sum, the addition of damages and the ejectment claim in the amended complaint relate back to the first complaint because they are both based on the same operative facts as the first complaint.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED.


                                        LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.